# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
April 22, 2014 Session

## STATE OF TENNESSEE v. CHERYL A. KING

**Appeal from the Criminal Court for Sullivan County**
**No. S58,637      Robert H. Montgomery, Judge**

---

**No. E2013-01799-CCA-R3-CD - Filed May 15, 2014**

---

Appellant, Cheryl A. King, entered a no contest plea to arson, a Class C felony, and applied for judicial diversion. The trial court denied diversion and sentenced her to three years, suspended to probation. Appellant now appeals from the denial of judicial diversion. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Timothy Reid Wilkerson (on appeal), Richard A. Spivey (at guilty plea hearing and on appeal), and Nat Thomas (at guilty plea hearing), Kingsport, Tennessee, for the appellant, Cheryl A. King.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; Deshea Dulany Faughn, Assistant Attorney General; Barry Staubus, District Attorney General; and Jack Lewis Combs, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts

On October 26, 2010, appellant was charged by presentment with the May 12, 2008 arson of a structure. The structure in question was the house appellant and her now ex-husband owned and were disputing in their pending divorce. Appellant entered a no contest plea on July 26, 2012.

The parties stipulated that the factual basis for the plea was summarized in the fire department's investigation report.[1] We glean from this report that the fire had multiple points of origin. One point of origin was an upstairs bedroom, where a wall heater had ignited a dresser that had been placed in front of it. Another point of origin was a downstairs bedroom, where "[t]he only ignition source that could not be excluded [was] from human factor." In addition, the fire department investigator found a clothes iron on a bed in the residence that had been turned on but had safety features that prevented it from igniting the bed. The investigation report noted that firefighters had to remove a refrigerator that had been pulled in front of the kitchen door to gain access to the room. In addition, it was clear from the condition of the house that many household items had been removed prior to the fire. A car was parked outside of the house containing household items.

As part of her plea agreement, appellant agreed to a three-year sentence if her application for judicial diversion was denied. The State agreed not to oppose judicial diversion or probation. The trial court held a judicial diversion hearing on July 11, 2013. The only evidence presented was appellant's presentence report and letters from the community expressing support for appellant. Notably, the presentence report indicated that appellant had two minor traffic offenses on her record and that she admitted to abusing alcohol and using marijuana and cocaine. She had no convictions during the five years from the offense date to the hearing date. She was a part-time employee of the United States Postal Service at the time of the hearing. Defense counsel argued that the offense was "totally out of character" for appellant and that it was a result of "a very bitter, difficult divorce situation."

After hearing arguments from the parties, the trial court denied judicial diversion and imposed a three-year sentence, suspended to probation. In denying judicial diversion, the trial court stated that it considered the letters from the community in support of appellant and the presentence report, as well as the facts and circumstances of the case. The trial court determined that appellant's amenability to correction weighed in favor of judicial diversion and that appellant's mental and physical health were a neutral consideration because she had sought mental health treatment in the past but was not currently in treatment. However, the trial court further determined that the circumstances of the offense weighed against judicial diversion, citing the risk to the firefighters who had to search the burning residence after neighbors reported that someone might be inside. Considering appellant's admitted use of illegal drugs, namely marijuana and cocaine, as well as her abuse of alcohol, the trial court found that appellant's criminal activity and social history weighed against judicial diversion. The trial court also found that there was a deterrence value in denying judicial diversion. Ultimately, the trial court found that the factors against judicial diversion outweighed those in favor of diversion. Appellant now appeals the denial of judicial diversion.

---

[1] The fire investigation report was included in appellant's presentence report.

II. Analysis

Appellant contends that the trial court did not adequately explain the basis for its finding of factors weighing against judicial diversion nor how the negative factors outweighed the positive factors. In addition, appellant argues that the trial court's interpretation of the circumstances was faulty and that the trial court improperly relied on the deterrence factor. The State responds that the trial court did not abuse its discretion in denying judicial diversion.

"Judicial diversion is a form of 'legislative largess' available to qualified defendants who have entered a guilty or nolo contendere plea or have been found guilty of an offense without the entry of a judgment of guilt." *State v. Kiara Tashawn King*, --- S.W.3d ---, No. M2012-00236-SC-R11-CD, 2014 WL 1622210, at \*5 (Tenn. Apr. 23, 2014) (citations and footnote omitted). Eligibility does not "constitute entitlement," however, and the trial court is vested with the discretion to grant or deny judicial diversion. *Id.* In making its decision, the trial court must consider several common law factors:

> (a) the accused's amenability to correction, (b) the circumstances of the offense, (c) the accused's criminal record, (d) the accused's social history, (e) the accused's physical and mental health, and (f) the deterrence value to the accused as well as others. The trial court should also consider whether judicial diversion will serve the ends of justice — the interests of the public as well as the accused.

*Id.* at \*8 (quoting *State v. Parker*, 932 S.W.2d 945, 958 (Tenn. 1996)). "[T]he trial court must weigh the factors against each other and place an explanation of its ruling on the record." *Id.* (citing *State v. Electroplating, Inc.*, 990 S.W.2d 211, 229 (Tenn. Crim. App. 1999)).

When the trial court considers the common law factors, "specifically identifies the relevant factors, and places on the record its reasons for granting or denying judicial diversion," then this court will "apply a presumption of reasonableness and uphold the grant or denial so long as there is any substantial evidence to support the trial court's decision." *Id.* at \*9. Our supreme court has stated:

> Although the trial court is not required to recite all of the *Parker* and *Electroplating* factors when justifying its decision on the record in order to obtain the presumption of reasonableness, the record should reflect that the trial court considered the *Parker* and *Electroplating* factors in rendering its decision and that it identified the specific factors applicable to the case before

it. Thereafter, the trial court may proceed to solely address the relevant factors.

*Id.* Failure to consider the common law factors results in loss of the presumption of reasonableness, and this court is required to conduct a de novo review or remand to the trial court for reconsideration. *Id.*

In this case, the trial court clearly considered the common law factors, weighed the factors, and placed its ruling on the record. Thus, we review its decision for abuse of discretion and afford the decision a presumption of reasonableness. While appellant argues that the trial court did not "adequately explain" its reasoning, the transcript of the hearing belies this contention.

Appellant also argues that the trial court's reasoning behind its consideration of the circumstances of the offense was faulty and "contrary to the statutory framework for determining eligibility for judicial diversion." The trial court found that the circumstances of the offense weighed against judicial diversion primarily because of the risk of harm to the firefighters who responded. In particular, the trial court expressed concern that the firefighters were required to search the house for anyone who might have been inside because the house was typically occupied and because neighbors were concerned that appellant's son might have been inside. Appellant contends that arson of a structure carries an inherent risk of harm and that if that risk of harm was sufficient to deny judicial diversion, then the legislature would have included arson in the list of crimes excluded from eligibility for judicial diversion. However, the record indicates that the trial court did not rely on a general risk of harm but rather a specific risk of harm to the responding firefighters due to the necessity of searching the house. The trial court did not deny diversion solely because the crime was arson. Moreover, consideration of the circumstances of the offense was not the only factor in the trial court's determination. Thus, appellant's argument in this regard is inapposite.

Appellant further argues that the trial court did not properly consider the deterrence value of denying judicial diversion because it did not state a factual basis "for finding deterrence applied to arson in Sullivan County." However, in its discussion of the deterrence value, the trial court focused on the deterrence value to appellant rather than to others. Specifically, it expressed concern over the way appellant set up the fire, evincing "a thought[-]through type of process" despite her alleged impairment through use of alcohol and illegal drugs. The deterrence value to the accused is a legitimate factor for the trial court to consider. *See Kiara Tashawn King*, 2014 WL 1622210, at *8 (quoting *Parker*, 932 S.W.2d at 958). Therefore, appellant has failed to show that the trial court abused its discretion. We

conclude that substantial evidence exists to support the decision of the trial court and, thus, affirm its denial of judicial diversion.

## CONCLUSION

Based on the record, the applicable law, and the arguments of the parties, we affirm the judgment of the trial court.

_____

ROGER A. PAGE, JUDGE